ORIGINAL

FAXED



1  SEAN P. REIS (SBN 184044)
2  sreis@reisfirm.com
   THE REIS LAW FIRM, A.P.C.
3  30021 Tomas Street, Suite 300
   Rancho Santa Margarita, CA 92688
4  Telephone: (949) 713-9440

5  JAY EDELSON*
   jedelson@edelson.com
6  RAFEY S. BALABANIAN*
   rbalabanian@edelson.com
7  CHRISTOPHER DORE*
   cdore@edelson.com
8  BENJAMIN H. RICHMAN*
   brichman@edelson.com
9  EDELSON LLC
   350 North LaSalle Street, Suite 1300
10 Chicago, IL 60654
   Telephone: (312) 589-6370
11
   [Additional counsel appearing on signature page.]
12
13 *Attorneys for Plaintiff and the Putative Class*

14              **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16

17 SUZAN MENDOZA, individually and on          **CV   13   1553**
   behalf of all others similarly situated,
18                                              Case No.
                     *Plaintiffs,*
19                                              **CLASS ACTION COMPLAINT**
              v.
20
   UNITEDHEALTH GROUP
21 INCORPORATED, a Minnesota corporation,
   OPTUM, INC., a Delaware corporation,
22 HEALTHALLIES, INC., a Delaware              **DEMAND FOR JURY TRIAL**
   corporation, and MD247.COM, INC., a
23 Florida corporation,
24
                     *Defendants.*
25
26
27
28

   CLASS ACTION COMPLAINT

1

## CLASS ACTION COMPLAINT AND JURY DEMAND

2      Plaintiff Suzan Mendoza brings this class action complaint against Defendants

3  UnitedHealth Group Incorporated, Optum, Inc., HealthAllies, Inc., and MD247.com, Inc., to stop

4  Defendants' practice of making unsolicited telephone calls to the cellular telephones of consumers

5  nationwide and to obtain redress for all persons injured by their conduct. Plaintiff, for her class

6  action complaint, alleges as follows upon personal knowledge as to herself and her own acts and

7  experiences, and, as to all other matters, upon information and belief, including investigation

8  conducted by her attorneys.

9                                    **NATURE OF THE ACTION**

10      1.      Defendant UnitedHealth Group, through its subsidiaries Optum, Inc. and

11  HealthAllies, Inc., operates and promotes the "Optum HealthAllies Discount Program," which

12  purports to provide discounts at certain health care providers for medical services. Defendant

13  MD247.com describes itself as a "supplemental telemedicine healthcare specialist" who actively

14  utilizes telemarketing to acquire customers.

15      2.      Over an extended period of time starting in at least May 2012, Defendants have

16  repeatedly made unsolicited telephone calls, or had them made on their behalf, to Plaintiff's and

17  the other putative Class members' cellular telephones promoting their products and services in

18  violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

19      3.      Neither Plaintiff Mendoza, nor the other members of the proposed Class and

20  SubClass, ever provided their cellular telephone numbers to Defendants for any purpose, nor did

21  they provide consent to have Defendants make telephone calls to those telephone numbers.

22      4.      By making the telephone calls at issue in this Complaint, Defendants caused

23  Plaintiff and the members of the Class and SubClass actual harm, including the aggravation and

24  nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and

25  the monies paid to their wireless carriers for the receipt of such telephone calls.

26      5.      The TCPA was enacted to protect consumers from unsolicited phone calls exactly

27  like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff filed the

28  instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited telephone

1   calling activities and an award of statutory damages to the members of the Class under the TCPA,
2   together with costs and reasonable attorneys' fees.

3                                              **PARTIES**

4       6.      Plaintiff Suzan Mendoza is a natural person and citizen of the State of California.

5       7.      Defendant UnitedHealth Group Incorporated is a corporation organized and
6   existing under the laws of the State of Minnesota with its principal place of business located at
7   9900 Bren Road East, UnitedHealth Group Center, Minnetonka, Minnesota 55343. UnitedHealth
8   Group does business throughout the United States, the State of California, and in this District.
9   Defendant UnitedHealth is the parent company of Defendants Optum, Inc. and HealthAllies, Inc..

10      8.      Defendant Optum, Inc. is a corporation organized and existing under the laws of
11  the State of Delaware with its principal place of business located at 13625 Technology Drive,
12  Eden Prairie, Minnesota 55344. Optum does business throughout the United States, the State of
13  California and in this District. Defendant Optum is a subsidiary of Defendant UnitedHealth Group,
14  and in turn, Defendant HealthAllies, Inc. is a subsidiary of Defendant Optum.

15      9.      Defendant HealthAllies, Inc. is a corporation organized and existing under the laws
16  of the State of Delaware with its principal place of business located at 505 North Brand
17  Boulevard, Suite 1200, Glendale, California 91203. HealthAllies is registered with the Minnesota
18  Secretary of State, and lists its Chief Executive Officer as Daniel Sorensen, with an address of
19  13625 Technology Drive, Eden Prairie, Minnesota 55344. Mr. Sorensen is also Vice-President at
20  Defendant Optum, and its division, OptumHealth. HealthAllies does business throughout the
21  United States, the State of California and in this District. Defendant HealthAllies is a subsidiary of
22  Optum, and likewise, a subsidiary of Defendant UnitedHealth Group.

23      10.     Defendants UnitedHealth Group, Optum, and HealthAllies, are collectively referred
24  to herein as the "UHG Defendants."

25      11.     Defendant MD247.com, Inc. is a corporation organized and existing under the laws
26  of the State of Florida with its principal place of business located at 10801 Starkey Road, Suite
27  104, Seminole, Florida 33777. MD247.com does business throughout the United States, the State
28  of California and in this District. Defendant MD247.com, Inc. is a closely associated business

CLASS ACTION COMPLAINT                              2

1  partner and affiliate of the UHG Defendants.

2                          **JURISDICTION AND VENUE**

3       12.    This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331,

4  as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which

5  is a federal statute.

6       13.    The Court has personal jurisdiction over Defendant UnitedHealth Group and

7  Defendant Optum, and venue is proper in this District, because they are headquartered here and

8  transact significant amounts of business within this District. The Court additionally has personal

9  jurisdiction over Defendants HealthAllies and MD247.com because they transact significant

10  business here, including making telephone calls to consumers and entering into business contracts

11  with entities located here. Defendant HealthAllies is additionally registered to do business here.

12                      **COMMON FACTUAL ALLEGATIONS**

13      14.    Defendants placed and continue to place repeated and harassing phones calls, or

14  had such calls placed on their behalf and at their direction, for the purpose of promoting the UHG

15  Defendants' "Optum HealthAllies Discount Program" and Defendant MD247.com's telemedicine

16  service.[1]

17      15.    MD247.com is a closely integrated affiliate of the UHG Defendants. As noted in a

18  May 2012 press release:

19          MD247 announces partnership between provider of supplemental
           telemedicine healthcare and Optum Health Allies....Supplemental
20          telemedicine healthcare specialist MD247 announced on Wednesday that
           they have partnered with Optum Health Allies, a division of the United
21          Health Network, in order to provide quality of life enhancing telemedicine
           healthcare services to entire families. The partnership with Optum Health
22          Allies allows members of the MD247 supplemental telemedicine healthcare
           program to receive substantial discounts on certain medical procedures, and
23          there is the benefit of no qualifiers and no deductibles.[2]

24

25

26      ——————————
         [1]  On information and belief, MD247.com's telemedicine product may also be a "private
27  label" version of the UGH Defendant's own telemedicine service.
         [2]  Press Release, Telemedicine Avengers Assemble – MD247 And Optum Health Allies
28  (May 10, 2012), *available at* http://www.prweb.com/releases/2012/5/prweb9494351.htm.
   CLASS ACTION COMPLAINT                    3

1    16.    The UHG Defendants, along with MD247.com, also jointly operate a co-branded
2  website: www.md247.optumhealthallies.com. The co-branded website prominently features the
3  logos of both Optum and MD247.com and promotes the "Optum HealthAllies Discount Program."
4  The website also states "The Optum HealthAllies Discount Program is administered by
5  HealthAllies, Inc., a discount medical plan organization." The website
6  www.md247.optumhealthallies.com is owned by and registered to Defendant UnitedHealth
7  Group.

8    17.    The telephone calls made by or on behalf of Defendants include both live operators
9  and pre-recorded calls.

10    18.    Defendants' telemarketers aggressively push the UHG Defendants' "Optum
11  HealthAllies Discount Program" and Defendant MD247.com's telemedicine service, and when
12  consumers ask why they are being called or how the caller obtained their phone numbers, the
13  telemarketers are often rude and hang up, only to call back again, often within hours.

14    19.    For example, Plaintiff received at least two calls from (855) 890-2180 in one day in
15  or around March 26, 2013 asking for Plaintiff's husband. The purpose of the call was to sell her
16  Defendants' medical discount and telemedicine programs.

17    20.    The first time Plaintiff spoke with a live operator, she requested that she no longer
18  receive calls from Defendants and that her information be removed from their database. However,
19  Defendants made another call to Plaintiff later that day for the same purpose.

20    21.    Plaintiff never provided her telephone number to Defendants (nor did her husband),
21  never consented to receive telephone calls from Defendants, and did not provide her cellular
22  telephone number to any third party related to Defendants or for purposes related to health
23  insurance or related health products or programs.

24    22.    The calls Plaintiff received were made using equipment that had the capacity to
25  store or produce telephone numbers to be called using a random or sequential number generator,
26  and to dial such numbers. Additionally, Defendants' calls utilized interactive voice recognition
27  technology, also known as a predictive dialer. This technology, on information and belief, dials
28  several numbers simultaneously and connects the call to only those who answer first.

CLASS ACTION COMPLAINT                    4

23.     Defendants were and are aware that the above described telephone calls were and

are being made to consumers without those consumers' prior express consent.

## CLASS ALLEGATIONS

24.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and

23(b)(3) on behalf of herself and a class and subclass (the "Classes") defined as follows:

**Class**

Any person in the United States who received a telephone call from Defendant
MD247.com, Inc. that promoted and/or offered the UHG Defendants' Optum
HealthAllies Discount Program or any other service associated with the UHG
Defendants; (2) on a cellular telephone number; (3) that the individual called never
consented to receive calls on from Defendants.

**Subclass**

Any Class Member who expressly requested to no longer receive telephone calls
from or on behalf of Defendants, and who thereafter received additional telephone
calls from MD247.com, Inc. or the UHG Defendants related to the UHG
Defendants' Optum HealthAllies Discount Program or any other service associated
with the UHG Defendants.

25.     **Numerosity**: The exact number of Class and SubClass members is unknown and

not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On

information and belief, Defendants have made telephone calls to thousands of consumers who fall

into the definitions of the Class and SubClass. Members of the Classes can be identified through

Defendants' records.

26.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the

Class and SubClass, in that Plaintiff and the members of the Classes sustained damages arising out

of Defendants' uniform wrongful conduct and unsolicited telephone calls.

27.     **Adequate Representation**: Plaintiff will fairly and adequately represent and

protect the interests of the Class and SubClass, and she has retained counsel competent and

experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes,

and Defendants have no defenses unique to Plaintiff.

28.     **Commonality and Predominance**: There are many questions of law and fact

common to the claims of Plaintiff and the Classes, and those questions predominate over any

CLASS ACTION COMPLAINT                                5

1 | questions that may affect individual members of the Class and SubClass. Common questions for
2 | the Class and SubClass include, but are not necessarily limited to the following:

3 |  (a)  whether Defendants' conduct constitutes a violation of the TCPA;

4 |  (b)  whether the equipment Defendants used to make the telephone calls in
5 |     question was an automatic telephone dialing system as contemplated by the
6 |     TCPA;

7 |  (c)  whether Defendants systematically made telephone calls to persons who did
8 |     not previously provide Defendants with their prior express consent to
9 |     receive such telephone calls;

10 |  (d)  whether Defendants systematically made telephone calls to SubClass
11 |     members after they had expressly requested to no longer receive telephone
12 |     calls from Defendants;

13 |  (e)  whether Defendants utilized an artificial or prerecorded voice in making the
14 |     relevant telephone calls; and

15 |  (f)  whether Class and Subclass members are entitled to treble damages based
16 |     on the willfulness of Defendants' conduct.

17 |  29.  **Superiority**: This case is also appropriate for class certification because class
18 | proceedings are superior to all other available methods for the fair and efficient adjudication of
19 | this controversy because joinder of all parties is impracticable. The damages suffered by the
20 | individual members of the Class and SubClass will likely be relatively small, especially given the
21 | burden and expense of individual prosecution of the complex litigation necessitated by
22 | Defendants' actions. Thus, it would be virtually impossible for the individual members of the
23 | Class and SubClass to obtain effective relief from Defendants' misconduct. Even if members of
24 | the Classes could sustain such individual litigation, it would still not be preferable to a class
25 | action, because individual litigation would increase the delay and expense to all parties due to the
26 | complex legal and factual controversies presented in this Complaint. By contrast, a class action
27 | presents far fewer management difficulties and provides the benefits of single adjudication,
28 | economy of scale, and comprehensive supervision by a single Court. Economies of time, effort

CLASS ACTION COMPLAINT                                     6

1 and expense will be fostered and uniformity of decisions ensured.

2

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
3
### (On behalf of Plaintiff and the Class and SubClass)

4      30.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth
5 herein.

6      31.     Defendants made unsolicited telephone calls promoting their products and services
7 to cellular telephone numbers belonging to Plaintiff and the other members of the Class and
8 SubClass without their prior express consent to receive such calls.

9      32.     Defendants made the telephone calls using equipment that had the capacity to store
10 or produce telephone numbers to be called using a random or sequential number generator and to
11 dial such numbers.

12      33.     Defendants utilized equipment that made the telephone calls to Plaintiff and other
13 members of the Class and SubClass simultaneously and without human intervention.

14      34.     By making the unsolicited telephone calls to Plaintiff's and the Class and Subclass
15 members' cellular telephones without prior express consent, and by utilizing an automatic
16 telephone dialing system, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii).

17      35.     As a result of Defendants' unlawful conduct, Plaintiff and the members of the Class
18 and SubClass suffered actual damages in the form of monies paid to receive the unsolicited
19 telephone calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter*
20 *alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

21      36.     Should the Court determine that Defendants' conduct was willful and knowing, the
22 Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable
23 by Plaintiff and the other members of the Classes.

24

### PRAYER FOR RELIEF

25     WHEREFORE, Plaintiff Suzan Mendoza, individually and on behalf of the Class and
26 SubClass, prays for the following relief:

27      1.     An order certifying the Class and SubClass as defined above, appointing Plaintiff
28 Suzan Mendoza as the representative of the Class and SubClass, and appointing her counsel as

CLASS ACTION COMPLAINT           7

1  Class Counsel;

2       2.     An award of actual and statutory damages;

3       3.     An injunction requiring Defendants to cease all unsolicited telephone calling

4  activities, and otherwise protecting the interests of the Class and SubClass;

5       4.     An award of reasonable attorneys' fees and costs; and

6       5.     Such other and further relief that the Court deems reasonable and just.

7                              **JURY DEMAND**

8  Plaintiff requests a trial by jury of all claims that can be so tried.

9

10  Dated: April 5, 2013                    Respectfully Submitted,

11                                          **SUZAN MENDOZA**, individually and on behalf of
                                            classes of similarly situated individuals,
12

13                                          By:_____
                                               One of Plaintiff's Attorneys
14  SEAN P. REIS (SBN 184044)
15  sreis@reisfirm.com
    THE REIS LAW FIRM, A.P.C.
16  30021 Tomas Street, Suite 300
    Rancho Santa Margarita, CA 92688
17  Telephone: (949) 713-9440

18  JAY EDELSON*
    jedelson@edelson.com
19  RAFEY S. BALABANIAN*
    rbalabanian@edelson.com
20  CHRISTOPHER DORE*
    cdore@edelson.com
21  BENJAMIN H. RICHMAN*
    brichman@edelson.com
22  EDELSON LLC
    350 North LaSalle Street, Suite 1300
23  Chicago, IL 60654
    Telephone: (312) 589-6370
24
    Stefan Coleman, Esq.*
25  law@stefancoleman.com
    LAW OFFICES OF STEFAN COLEMAN, LLC
26  201 S Biscayne Blvd, 28th Floor
    Miami, Florida 33131
27  Telephone: (877) 333-9427

28  * Admission *pro hac vice* to be filed.

    CLASS ACTION COMPLAINT                          8