UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUZAN MENDOZA,

    Plaintiff,

v.

UNITEDHEALTH GROUP, INC., et al.,

    Defendants.

_____/

No. C 13-1553 PJH

**ORDER**

Plaintiff Suzan Mendoza filed the above-entitled proposed class action on April 5, 2013. On April 23, 2013, plaintiff filed a motion for class certification. Plaintiff did not notice a hearing date in the motion, but in e-filing the motion, plaintiff's counsel did set the motion for hearing on June 14, 2013. Thus, under Civil Local Rule 7-3 (and as reflected on the court's docket), the defendants' opposition was due on May 7, 2013, and plaintiff's reply was due on May 14, 2013.

Plaintiff also requested that the court "enter and continue the instant motion until after the completion of discovery on class-wide issues, at which time [p]laintiff will submit a fulsome memorandum of points and authorities in support of class certification." She asserted that she had filed the motion at the outset of the litigation "to prevent [d]efendants from attempting a so-called 'buy off' to moot his [sic] representative claims (i.e., tendering to him [sic] the full amount of his [sic] individual damages alleged in the Complaint)." Plaintiff argued that this procedure was appropriate under the Seventh Circuit's decision in Damasco v. Clearwire Corp., 662 F.3d 891, 896 (7th Cir. 2011).

On May 6, 2013, the parties filed a stipulation requesting that the briefing on the class certification motion be deferred, and that the motion be "entered and continued until after discovery, or taken off calendar without prejudice." On May 7, 2013, the case was reassigned to the undersigned district judge.

In <u>Damasco</u>, the Seventh Circuit acknowledged that its ruling on this issue was somewhat at odds with rulings on the same issue by the other circuits, including the Ninth Circuit. Accordingly, in the absence of any binding authority from the Ninth Circuit, and in particular, in light of the ruling in <u>Pitts v. Terrible Herbst, Inc.</u>, 653 F.3d 1081, 1084, 1091-92 (9th Cir. 2011), the court finds that the request to "enter and continue" the motion for class certification must be DENIED.

The motion for class certification is hereby terminated as premature. The case schedule, including the schedule for discovery and motion practice, will be discussed and set at the initial case management conference (which will be set in due course by separate notice from the court).

**IT IS SO ORDERED.**

Dated: May 8, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge