Brian T. Hafter (State Bar No. 173151)
Stefani Salt (State Bar No. 280403)
LeClairRyan LLP
44 Montgomery Street, Eighteenth Floor
San Francisco, California 94104
Telephone: (415) 391-7111
Telefax: (415) 391-8766
Brian.hafter@leclairryan.com
Stefani.salt@leclairryan.com

Mitchell N. Roth (pro hac vice)
Karen A. Doner (pro hac vice)
Roth Doner Jackson, PLC
8200 Greensboro Dr., Suite 820
McLean, VA  22102
Phone (703) 485-3535, Fax (703) 485-3525
mroth@rothdonerjackson.com;
kdoner@rothdonerjackson.com

Attorneys for Defendant
MD247.COM, INC., a Florida corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZAN MENDOZA, individually and on behalf of all other similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>UNITEDHEALTH GROUP INCORPORATED, a Minnesota corporation, OPTUM, INC., a Delaware corporation, HEALTHHALLIES, INC., a Delaware corporation, and MD247.COM, INC., a Florida corporation<br><br>Defendant(s). | Case No.: CV 13 1553 PJH<br><br>**DEFENDANT MD247.COM, INC.'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHOTITIES IN SUPPORT THEREOF; DECLARATION OF KAREN A. DONER IN SUPPORT THEREOF** |

### NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF

Pursuant to Local Rule 7-11, Defendant MD247.Com, Inc. ("Defendant") files this motion for administrative relief for an order staying discovery in this action pending the outcome of Defendant's Motion to Stay (filed on November 27, 2013). To the extent that the Court would prefer that the instant motion be heard on a standard motion hearing schedule, Defendant requests

that the Court set a hearing for this motion at the earliest convenient time.

Defendant's previously-filed Motion to Stay seeks a stay of this case pursuant to the doctrine of primary jurisdiction because the Federal Communications Commission is currently, pursuant to its Congressionally-vested authority to adopt regulations implementing the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.*, considering petitions for declaratory relief that will decide a central issue to this action. The hearing of Defendant's Motion to Stay is scheduled for January 8, 2014. In the interim, Defendant respectfully requests that the Court stay discovery pending the hearing of its Motion to Stay.

Dated: December 4, 2013

/s/ Brian T. Hafter
Brian T. Hafter
LECLAIRRYAN LLP
44 Montgomery St., 18th Floor
San Francisco, CA 94104
(415) 391-7111, Fax (415) 391-8766
brian.hafter@leclairryan.com

and

Mitchell N. Roth (*pro hac vice*)
Karen A. Doner (*pro hac vice*)
ROTH DONER JACKSON, PLC
8200 Greensboro Dr., Suite 820
McLean, VA 22102
Phone (703) 485-3535, Fax (703) 485-3525
mroth@rothdonerjackson.com;
kdoner@rothdonerjackson.com

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Suzan Mendoza ("Plaintiff") has filed this putative class action against Defendant MD247.Com, Inc. ("MD247") and codefendants UnitedHealth Group Incorporated, Optum, Inc., and HealthAllies, Inc. (collectively, the "UH Defendants") alleging that MD247 violated the Telephone Consumer Protection Act ("TCPA") by initiating calls to Plaintiff's cellular telephone phone without her prior express consent using an *automatic telephone dialing system* ("ATDS").

On November 27, 2013, MD247 filed a Motion to Stay requesting that this Court stay this action until the Federal Communications Commission ("FCC") addresses petitions for declaratory relief that will decide a central issue in this case: Whether the technology utilized by MD247 at the time of the alleged calls, in fact, qualifies as an ATDS. This Court has wide discretion in controlling discovery matters, and good cause exists to stay discovery until the Motion to Stay is resolved. Therefore, MD247 respectfully requests a stay of all discovery until this Court rules on MD247's Motion to Stay.

## II. STATEMENT OF ISSUE

Is there good cause to stay discovery in this matter under Fed. R. Civ. P. (c)(1) until this Court rules on MD247's Motion to Stay?

## III. BACKGROUND

On September 20, 2013, Plaintiff served her First Set of Interrogatories and First Set of Document Requests upon MD247 via electronic mail. On September 20, 2013, Plaintiff served her First Set of Interrogatories and First Set of Document Requests upon each of the UH Defendants via electronic mail. On September 24, 2013, Plaintiff served a Notice of Rule 30(b)(6) Deposition upon MD247. On September 24, 2013, the UH Defendants served their First Set of Document Requests upon MD247 via electronic mail. On September 26, 2013 the UH Defendants served their First Set of Document Requests upon Plaintiff via electronic mail. On September 27, 2013, Defendant HealthAllies, Inc. served its First Set of Interrogatories upon MD247 via electronic mail. To date, MD247 has not issued any written discovery requests on any party. Declaration of Karen A. Doner ("Doner Decl.") ¶ 2.

On October 23, 2013, the parties filed a Stipulation to Extend all Case Deadlines, which provided that "[a]ll response dates for any outstanding discovery are extended by 45 days from their current due date for all parties." Stip. at p. 3, ECF No. 41. On October 24, 2013, this Court entered an Order granting Stipulation to Extend all Case Deadlines as Modified by the Court. Pursuant to this Court's Order, MD247's responses to Plaintiff's discovery requests are due December 9, 2013, and MD247's responses to the UH Defendant's discovery requests are due December 12 and 16, 2013, respectively. Order at 2-3, ECF No. 43. Doner Decl. ¶ 3.

On November 6, 2013, this Court entered a Substitution of Counsel and Order, substituting MD247's counsel with the undersigned counsel. As set forth above, MD247's Motion to Stay was filed on November 27, 2013 and is scheduled to be heard on January 8, 2014. Doner Decl. ¶ 4.

## IV.  ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A district court "has broad discretion in controlling discovery." Richmond Am. Homes of Nev., Inc. v. Stanton, Case No. 2:12-cv-01908-RCJ-CWH, 2013 U.S. Dist. LEXIS 29974, at *5 (D. Nev. March 4, 2013) (citing Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988)). The court may, "for good cause," enter a protective order staying discovery. Fed. R. Civ. P. 26(c).

Though MD247's Motion to Stay filed November 27, 2013 is not in and of itself necessarily a dispositive motion, see, e.g., Apple, Inc. v. Samsung Elecs. Co., Case No.: 12-CV-00630-LHK, 2012 U.S. Dist. LEXIS 99945, at *11 (N.D. Cal. July 18, 2012), MD247 respectfully suggests that the California federal district courts' test for staying discovery pending the disposition of a dispositive motion is at least instructive here. See Hall v. Tilton, No. C 07-3233 RMW (PR), 2010 U.S. Dist. LEXIS 11162, at *4 (N.D. Cal. Feb. 8, 2010) (granting defendants' motion for a protective order staying discovery because the pending motion to dismiss would potentially dispose of entire case and that any discovery request would be moot if the motion to dismiss is granted); see also Mlejnecky v. Olympus Imaging Am., Inc., No. 2:10-cv-02630 JAM KJN, 2011 U.S. Dist. LEXIS 16128, at *20 (E.D. Cal. Feb. 7, 2011) (observing the use of the two part test in the Eastern and Northern Districts of California). "A district court has broad discretion to stay discovery pending the disposition of a dispositive motion." Hall, 2010 U.S. Dist. LEXIS 11162, at *4.

To determine whether a protective order staying discovery pending a dispositive motion should issue, federal district courts in California look to (i) whether the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is

directed," and (ii) "whether the pending dispositive motion can be decided absent discovery." Id.

As described more fully in MD247's Motion to Stay, to prevail in this Action Plaintiff must prove that MD247 and the UH Defendants placed non-emergency calls to her cellular telephone using an ATDS without her prior express consent. Whether the technology used by MD247 at the time of the alleged calls qualifies as an ATDS under the TCPA is a dispositive issue in this case: if the technology is NOT an ATDS, Plaintiff's claim fails. MD247's Motion to Stay requests that this Court stay this lawsuit until the FCC has time to clarify whether MD247's technology meets the definition of ATDS under the TCPA. MD247 Mot. to Stay, at 4, 12-13, ECF No. 50.

Moreover, this Court needs no discovery to decide the pending Motion to Stay. And, further, discovery in this matter will not elucidate whether or not MD247's technology qualifies as an ATDS. Clarification concerning this technical and industry-specific question is within the purview of the FCC. Id. at 9-11. MD247 has good cause to stay all discovery in this case so that the parties do not incur the undue burden and expense of proceeding with discovery (and specifically, that MD247 does not incur the undue burden and expense of responding to the outstanding discovery requests) pending the Court's ruling on the Motion to Stay. A stay in discovery will save the parties' resources and will promote judicial economy because the Court will not have to resolve any discovery disputes which may arise. Discovery in this case will be moot if this Court grants the Motion to Stay and the FCC determines that MD247's equipment does not meet the definition of ATDS.

## V. CONCLUSION

For the above-stated reasons, MD247 respectfully requests that this Court Stay all discovery in this matter until such time as this Court rules on MD247's Motion to Stay.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Fed. R. Civ. P. 26(c)(1), on December 2, 2013, counsel for MD247 conferred by email with counsel for Plaintiff and counsel for the UH Defendants in a good faith effort to resolve the issue presented in this Motion. Plaintiff has declined to consent to the relief sought in this Motion. The UH Defendants have indicated that they do not intend to take a position with

1  | respect to the Motion.  Doner Decl. ¶ 5.
2  | Dated:  December 4, 2013

respect to the Motion.  Doner Decl. ¶ 5.

Dated:  December 4, 2013                    /s/ Brian T. Hafter
                                                  Brian T. Hafter
LECLAIRRYAN LLP
44 Montgomery St., 18th Floor
San Francisco, CA  94104
(415) 391-7111, Fax (415) 391-8766
brian.hafter@leclairryan.com

and

Mitchell N. Roth (*pro hac vice*)
Karen A. Doner (*pro hac vice*)
ROTH DONER JACKSON, PLC
8200 Greensboro Dr., Suite 820
McLean, VA  22102
Phone (703) 485-3535, Fax (703) 485-3525
mroth@rothdonerjackson.com;
kdoner@rothdonerjackson.com

Attorneys for Defendant MD247.Com, Inc.

## **DECLARATION OF KAREN A. DONER**

I, Karen A. Doner, do hereby declare as follows:

1. I am a partner with the law firm ROTH DONER JACKSON, PLC, counsel of record for Defendant MD247.Com, Inc. in this action. I have personal knowledge of the following facts. If called as a witness, I could and would testify competently thereto.

2. On September 20, 2013, Plaintiff served her First Set of Interrogatories and First Set of Document Requests upon MD247 via electronic mail. On September 20, 2013, Plaintiff served her First Set of Interrogatories and First Set of Document Requests upon each of the UH Defendants via electronic mail. On September 24, 2013, Plaintiff served a Notice of Rule 30(b)(6) Deposition upon MD247. On September 24, 2013, the UH Defendants served their First Set of Document Requests upon MD247 via electronic mail. On September 26, 2013 the UH Defendants served their First Set of Document Requests upon Plaintiff via electronic mail. On September 27, 2013, Defendant HealthAllies, Inc. served its First Set of Interrogatories upon MD247 via electronic mail. To date, MD247 has not issued any written discovery requests on any party.

3. On October 23, 2013, the parties filed a Stipulation to Extend all Case Deadlines, which provided that "[a]ll response dates for any outstanding discovery are extended by 45 days from their current due date for all parties." Stip. at p. 3, ECF No. 41. On October 24, 2013, this Court entered an Order granting Stipulation to Extend all Case Deadlines as Modified by the Court. Pursuant to this Court's Order, MD247's responses to Plaintiff's discovery requests are due December 9, 2013 and MD247's responses to the UH Defendant's discovery requests are due December 12 and 16, 2013, respectively. Order at 2-3, ECF No. 43.

4. On November 6, 2013, this Court entered a Substitution of Counsel and Order, substituting MD247's counsel with the undersigned counsel. MD247's Motion to Stay was filed on November 27, 2013 and is scheduled to be heard on January 8, 2014.

5. Pursuant to Fed. R. Civ. P. 26(c)(1), on December 2, 2013, counsel for MD247 conferred by email with counsel for Plaintiff and counsel for the UH Defendants in a good faith effort to resolve the issue presented in this Motion. Plaintiff has declined to consent to the relief

sought in this Motion. The UH Defendants have indicated that they do not intend to take a position with respect to the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of December 2013 in McLean, Virginia.

/s/ Karen A. Donner

## CERTIFICATE OF FILING

I hereby certify that on **December 4, 2013**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send a notification of electronic filing to the following CM/ECF Participants:

Sean R. Reis, Esq.
THE REIS LAW FIRM, A.P.C.
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
(949) 713-9440
sreis@reisfirm.com

Jay Edelson, Esq.
Rafey S. Balabanian, Esq.
Christopher Dores. Esq.
Benjamin H. Richman, Esq.
EDELSON LLC
350 North LaSalle St., Suite 1300
Chicago, IL 60654

jedelson@edelson.com
rabalabanian@edelson.com
cdore@edelson.com
brichman@edelson.com

Stefan Coleman, Esq.
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S. Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
law@stefancoleman.com

*Attorneys for Plaintiff and the Putative Class*

Mitchell E. Zamoff, Esq.
Robert B. Hawk, Esq.
Stacy R. Hovan, Esq.
HOGAN LOVELLS US LLP
525 University Avenue, 4th Floor
Palo Alto, CA 94301
mitch.zamoff@hoganlovells.com
robert.hawk@hoganlovells.com
stacy.hovan@hoganlovells.com

Adam K. Levin, Esq.
Carolyn Anne DeLone, Esq.
HOGAL LOVELLS US LLP
555 13th St. NW
Washington, D.C. 20004
adam.levin@hoganlovells.com

*Attorneys for Co-Defendants UnitedHealth Group, Inc., Optum, Inc. and HealthAllies, Inc.*

By: /s/ Brian T. Hafter
Brian T. Hafter
Stefani M. Salt
Attorneys for Defendant
MD247.Com, Inc.
LeClairRyan LLP
44 Montgomery St., 18th Floor
San Francisco, CA 94104
(415) 391-7111, Fax (415) 391-8766
Brian.hafter@leclairryan.com

---