UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUZAN MENDOZA,

    Plaintiff,

v.

UNITEDHEALTH GROUP INC., et al.,

    Defendants.

_____/

No. C 13-1553 PJH

**ORDER**

    Before the court is the motion of defendant MD247.com, Inc. ("MD247.com") for an order staying the above-entitled action. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion.

    Defendant argues that this action should be stayed on primary jurisdiction grounds, because the FCC has undertaken consideration of a threshold issue raised by plaintiff's complaint, and that the court should defer any ruling on the issues until such time as the FCC has exercised its expertise in deciding those issues.

    The primary jurisdiction doctrine is "a prudential doctrine under which courts may, under appropriate circumstances, determine that the initial decision-making responsibility should be performed by the relevant agency rather than the courts." Davel Commc'ns, Inc. v. Qwest Corp., 460 F.3d 1075, 1080, 1086 (9th Cir. 2006); see also Syntek Semiconductor Co., Ltd. v. Microchip Tech., Inc., 307 F.3d 775, 780 (9th Cir. 2002).

    The doctrine is applicable whenever the enforcement of a claim subject to a specific regulatory scheme requires resolution of issues that are within the special competence of an administrative body. See Davel Commc'ns, 460 F.3d at 1086. The doctrine is

1 furthermore appropriate where conduct is alleged which is "at least arguably protected or
2 prohibited by a regulatory statute," and agency resolution of an issue "is likely to be a
3 material aid to any judicial resolution." See, e.g., GTE.Net LLC v. Cox Commc'ns, Inc., 185
4 F. Supp. 2d 1141, 1144 (S.D. Cal. 2002) (granting motion to stay on primary jurisdiction
5 grounds).

6     While no fixed formula exists for applying the doctrine, the Ninth Circuit traditionally
7 looks to four factors that must be satisfied for the doctrine to apply: (1) the need to resolve
8 an issue that (2) has been placed by Congress within the jurisdiction of an administrative
9 body having regulatory authority (3) pursuant to a statute that subjects an industry or
10 activity to a comprehensive regulatory scheme that (4) requires expertise or uniformity in
11 administration. See Davel, 460 F.3d at 1087; United States v. Gen. Dynamics Corp., 828
12 F.2d 1356, 1362 (9th Cir. 1987); see also Clark v. Time Warner Cable, 523 F.3d 1110,
13 1115-16 (9th Cir. 2008).

14     On balance, these factors are satisfied here. Plaintiff has alleged that defendants
15 MD247.com, UnitedHealth Group Incorporated, Optum, Inc., and HealthAllies, Inc. violated
16 the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, et seq. ("the TCPA") by
17 initiating calls to plaintiff's cellular telephone without her prior express consent using an
18 automatic telephone dialing system ("ATDS"). Cplt ¶¶ 2-3. The TCPA and implementing
19 regulations promulgated by the Federal Communications Commission ("FCC") define
20 ATDS as "equipment which has the capacity to store or produce telephone numbers to be
21 called using a random or sequential number generator and to dial such numbers." See 47
22 U.S.C. § 227(a)(1); 47 C.F.R. § 64.1200(f)(2). See, e.g., Complaint ¶¶ 21-22.

23     MD247.com contends that at the time of the alleged calls, it did not utilize any
24 capacity that its predictive dialer may have had to store or produce telephone numbers to
25 be called using a random or sequential generator, and to dial such numbers. MD247.com
26 asserts further that there has been considerable debate regarding what constitutes an
27 ATDS, and of relevance to this action, whether the dialing equipment's present capacity is
28 the determinative factor in classifying it as an ATDS, or whether the equipment's

<u>potential</u> capacity with hardware and/or software alterations should be considered, regardless of whether the potential capacity is utilized at the time the calls are made.

The FCC is currently considering multiple petitions for a declaratory ruling that addresses this issue.  <u>See</u>, <u>e.g.</u>, FCC Items on Circulation, <u>available at</u> http://transition.fcc.gov/fcc-bin/circ_items.cgi (last visited Jan. 6, 2014).  For example, on June 25, 2013, the FCC's Consumer and Governmental Affairs Bureau ("CGB") issued a public notice requesting comment on a petition for an expedited declaratory ruling by YouMail, Inc., seeking clarification that its sofware is not an ATDS because it does not have the current capacity to store, produce, or dial random or sequential numbers.  On November 19, 2013, the CGB issued a public notice requesting comment on a petition for expedited declaratory ruling and/or rulemaking, from PACE, seeking a clarification that a dialing system is not an ATDS unless it has the capacity to dial numbers without human intervention.  On December 2, 2013, the CGB issued a public notice requesting comment on a petition for expedited declaratory ruling filed by Glide Talk, Ltd., seeking clarification that the TCPA's restrictions on the use of autodialers to call wireless numbers applies only to equipment that could at the time of the call, be used to store numbers or generate sequential or randomized telephone numbers.

As the issue raised by MD247 directly overlaps with the legal issues before the court by way of plaintiff's complaint, the court concludes that the FCC is in the process of utilizing its recognized expertise to consider issues pending before the court.  As such, the prerequisites for application of the primary jurisdiction doctrine are satisfied, and allowing the FCC to resolve the foregoing issues prior to adjudicating the issue in the present action, in order to obtain the benefit of the FCC's guidance, is appropriate.  <u>See</u> <u>Davel Commc'ns</u>, 460 F.3d at 1087.  While the court is sensitive to plaintiff's concerns that allowing the FCC to rule upon the issues before the court will engender unfair delay, the court also notes that the September 10, 2013 correspondence between the then-acting head of the FCC and Congressional representatives (cited in MD247.com's papers) indicates that FCC anticipates resolving this issue relatively soon.

3

In these circumstances, and furthermore in view of the relatively early stage of the present action, the court finds that the benefit to be provided by FCC guidance on potentially dispositive issues in this litigation outweighs the benefit to plaintiff in allowing the action to proceed. As a result, the court accordingly GRANTS defendants' request to STAY the current action, pending the FCC's resolution of related issues.

No later than six months from the date of this order, the parties shall file a status statement with the court, advising as to the FCC's progress on resolving these issues.

**IT IS SO ORDERED.**

Dated: January 6, 2014

PHYLLIS J. HAMILTON
United States District Judge